People v Ramos (2023 NY Slip Op 03709)

People v Ramos

2023 NY Slip Op 03709

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-01439
 (Ind. No. 880/18)

[*1]The People of the State of New York, respondent,
v
Pedro Mendez Ramos, appellant.

Law Office of Michael Alber, P.C., Huntington Station, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Judith R. Sternberg and Cristin N. Connell of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Terrence P. Murphy, J.), rendered January 22, 2021, convicting him of assault in the first degree (two counts), gang assault in the first degree, gang assault in the second degree, criminal possession of a weapon in the third degree, and intimidating a victim or witness in the third degree, upon a jury verdict, and sentencing him to determinate terms of imprisonment of 15 years, to be followed by 5 years of postrelease supervision, on the convictions of assault in the first degree, gang assault in the first degree, and gang assault in the second degree, an indeterminate term of imprisonment of 2&frac13; to 7 years on the conviction of criminal possession of a weapon in the third degree, and an indeterminate term of imprisonment of 1&frac13; to 4 years on the conviction of intimidating a victim or witness in the third degree, with the sentences imposed to run concurrently with each other.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, (1) by vacating the convictions of assault in the first degree, gang assault in first degree, and criminal possession of a weapon in the third degree, and vacating the sentences imposed thereon, and (2) by reducing the term of imprisonment imposed on the conviction of gang assault in the second degree from a determinate term of imprisonment of 15 years, to be followed by 5 years of postrelease supervision, to a determinate term of imprisonment of 7 years, to be followed by 5 years of postrelease supervision; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for a new trial as to the counts of the indictment charging the defendant with assault in the first degree, gang assault in first degree, and criminal possession of a weapon in the third degree.
The defendant was convicted of assault in the first degree (two counts), gang assault in the first degree, gang assault in the second degree, criminal possession of a weapon in the third degree, and intimidating a victim or witness in the third degree, upon a jury verdict. The defendant's convictions stemmed from two separate assaults on two separate victims. The first assault, which resulted in the first victim being slashed in the face, occurred outside the entrance to a bowling alley in Baldwin as the victim was exiting the bowling alley. The assault on the second victim, which resulted in a wound to the second victim's neck, occurred in the parking lot of the bowling alley shortly after the assault upon the first victim.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of [*2]the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
However, the trial court should have precluded the testimony of a police detective regarding his opinion as to what a video of the assault on the first victim depicted. Such testimony improperly usurped the jury's function by interpreting, summarizing, and marshaling the evidence, and was improperly admitted into evidence as relevant to the detective's investigation. Rather than aiding the jury in understanding the investigation, the detective improperly narrated the video and the detective's interpretation of the video, which was not necessarily supported by the video itself, also improperly "instruct[ed] the jury on the existence of the facts needed to satisfy the elements of the charged offense" (People v Inoa, 25 NY3d 466, 475 [internal quotation marks omitted]; see People v Jones, 166 AD3d 803, 806). The error cannot be deemed harmless with regard to the convictions of assault in the first degree and gang assault in the first degree, which stemmed from the assault upon the first victim, and with regard to the conviction of criminal possession of a weapon in the third degree, since the evidence of the defendant's guilt of those crimes, without reference to the error, was not overwhelming, and it cannot be said that there is no significant probability that the jury would have acquitted the defendant on those charges had it not been for the error (see People v Crimmins, 36 NY2d 230, 241-242).
The sentence imposed on the conviction of gang assault in the second degree was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court